**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION - CINCINNATI**

| | |
|---|---|
| TARA RUSSELL ) | |
| PO Box 844 ) | |
| Unity, Maine 04988 ) | |
| ) | |
| Plaintiff, ) | Case No: 1:09-cv-759 |
| ) | |
| v. ) | JURY DEMAND ENDORSED HEREON |
| ) | |
| PARAMOUNT RECOVERY ) | VERIFIED CIVIL COMPLAINT |
| SERVICES, INC. ) | (Unlawful Debt Collection Practices) |
| 8118 Corporate Way ) | |
| Mason, Ohio 45040 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, TARA RUSSELL ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff' Complaint against Defendant, PARAMOUNT RECOVERY SERVICES, INC., allege and affirmatively state as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt

collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e))

2. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of PARAMOUNT RECOVERY SERVICES, INC., (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k (d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. Because Defendant conducts business in the state of Ohio, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(1).

7. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person who resides in Unity, Maine, and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a

(3).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office in the City of Mason, County of Warren, State of Ohio.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## **FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

12. Defendant talked to Plaintiff in an abusive and harassing manner.

13. Defendant called Plaintiff at her work, despite being told not to call Plaintiff at her work.

14. Defendant calls Plaintiff and fails to provide meaningful disclosure of the caller's identity.

15. Defendant threatened to file a lawsuit against Plaintiff if Plaintiff did not pay her alleged debt, even though Defendant does not intend to do so.

16. Defendant's representative made offensive remarks to Plaintiff by stating "that they would get her fired because they will tell her boss, human resource department, etc. that Plaintiff owes money."

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT,**
**(FDCPA), 15 U.S.C. § 1692 et seq.**

17. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

18. Defendant **violated the FDCPA**. Defendant's violations include, but are not limited to the following:

   a). Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at her place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications.

   b.) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   c.) Defendant violated *§1692d(2)* of the FDCPA by using abusive language when speaking to Plaintiff by stating that "They would get her fired from her job because they would tell her boss, human resource department, etc that she owes money."

   d.) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   e.) Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity .

   f.) Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against

       Plaintiff even though Defendant does not intend to do so.

   g.) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

   h.) Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies verification of the debt or a copy of a judgment against the consumer and a the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**WHEREFORE**, Plaintiff respectfully pray that judgment be entered against the Defendant for the following:

19. Declaratory judgment that the Defendant's conduct violated the FDCPA.
20. Actual damages.
21. Statutory damages of $1000.00 pursuant to the FDCPA 15 U.S.C. 1692k.
22. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

23. Any other relief that this court deems to be just and proper.

                                                   RESPECTFULLY SUBMITTED,


                            By:     /s/ Peter Cozmyk
                                 Peter Cozmyk,
                                 Attorney for Plaintiff

Ohio Registration No. 0078862
Krohn & Moss, Ltd.
3 Summit Park Drive
Suite 140
Independence, Ohio 44131
phone: (216) 901-0609
fax: (866) 425-3459
e-mail: pcozmyk@consumerlawcenter.com


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TARA RUSSELL, hereby demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF MAINE)

Plaintiff, TARA RUSSELL, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, TARA RUSSELL, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10-20-09

TARA RUSSELL,
Plaintiff